# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:21-CV-549-RJC-DCK

| | |
|---|---|
| KEELA HOYLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CONSENT PROTECTIVE** |
| ) | **ORDER** |
| NOVANT HEALTH, INC., NOVANT ) | |
| HEALTH CORPORATE, and ) | |
| NOVANT MEDICAL GROUP, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Entry Of Protective Order" (Document No. 13) filed April 19, 2022. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion and enter the parties proposed Consent Protective Order as follows.

**WHEREAS,** Defendants Novant Health, Inc., Novant Health Corporate[1], and Novant Medical Group, Inc. ("Defendants") and Plaintiff Keela Hoyle ("Plaintiff") (collectively "the Parties") contend that they possess Confidential Information (defined below) which may be disclosed in responding to discovery requests or otherwise in this action and which must be protected in order to preserve the legitimate business or privacy interests of the Parties or the individuals whose Confidential Information is reflected in documents possessed by the Parties; and

---

[1] "Novant Health Corporate" is not an entity and is therefore not a proper defendant in this matter.

**WHEREAS,** the Parties through their counsel, have stipulated to the entry of this Protective Order (the "Order"), which shall apply to this civil action only, to prevent unnecessary dissemination or disclosure of Confidential Information; and

**WHEREAS,** this Order governs the use of all produced documents, responses to interrogatories and requests for admission, deposition transcripts and any other information, documents, objects, or things which have been or will be produced or received by any Party during pretrial proceedings in this action pursuant to the Federal Rules of Civil Procedure, as well as any and all copies, abstracts, digests, notes and summaries thereof;

**IT IS, THEREFORE, ORDERED** that the following terms and conditions, having been agreed to by the Parties, are approved by the Court and binding on all Parties to this action:

## I. Confidential Information Defined

A. "Confidential Information" means and includes the following:

1. information that constitutes confidential, proprietary or financial business information, trade secrets, or information subject to a legally protected right of privacy or a confidentiality agreement with a third party, including but not limited to, financial statements or financial records; records related to time worked and pay; and client and sales information;

2. medical records and reports; psychological records and reports; photographs, x-rays or illustrations, or other personal health-related information regarding Plaintiff or any other individual about whom such information is discovered;

3. personal information about Plaintiff, her respective family members and/or Defendants' current or former employees and their family members, including but not limited to, personnel records and other employment-related information; income tax records; documents

2

Case 3:21-cv-00549-RJC-DCK   Document 14   Filed 04/20/22   Page 2 of 17

related to employee benefits; and all other documents containing private employment-related information, health-related information, spouse and other dependent information;

    4.  all personally identifiable information, to include dates of birth, addresses, personal images, telephone numbers, email addresses, emergency contact information, social security numbers, driver's license numbers, criminal records, background checks or other reference check information, and/or documents related to employee domestic or financial obligations, such as child support orders and garnishments;

    5.  financial information (such as tax records, credit reports, loan applications, bank account information or documents showing profits, losses, payments or income); and

    6.  strategic business records (such as market forecasts, analysis of competing products, planning for product/services launches and assessment of product/service performance).

  B.  Confidential Information shall NOT include, without limitation, any material that:

    1.  is, at the time of disclosure, lawfully in the public domain;

    2.  is already lawfully in the possession of the Party seeking discovery at the time of disclosure and not under any obligation of confidence; or

    3.  is obtained by a Party by lawful means unrelated to the discovery process and without any obligation of confidence.

## II. Designation of Confidential Information

  A. <u>Good-Faith Determination Required</u>

    1.  The Parties shall have the right to designate as Confidential Information those portions of any document which, after making a good-faith assessment, meet the definition of Confidential Information as set forth herein. If any page contains Confidential Information, the entire page may be so marked. The Parties understand and agree that due to the volume of material

produced in discovery, it may be necessary for the sake of efficiency to designate documents as Confidential Information before the Parties are able to complete an assessment on each document produced during discovery. Designating documents as Confidential Information for the purposes of efficiency shall not be deemed a violation of the parties' obligation to make a good-faith assessment as otherwise required by this paragraph.

    2.    No Party concedes that any document, tangible item and/or deposition testimony marked Confidential by another Party does, in fact, contain such information, and reserves the right to challenge said designation as set forth below in Section III.

    B.    <u>Procedures for Designating Pre-Production</u>

The Parties recognize that the scope of materials produced as "documents" during discovery may be very broad. "Documents" may include written documents, electronically stored documents, photographs, video tape and other forms of data.

    1.    Paper Documents and Non-native Electronic Files

To designate any information within a document as Confidential Information, the Party shall mark every page of the document in which Confidential Information appears with a legend substantially as follows: CONFIDENTIAL or CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. In the case of answers to interrogatories and admissions requests, designation shall be made by prominently placing the word CONFIDENTIAL or CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER adjacent to or at the end of any answer deemed to contain confidential information. Alternatively, answers deemed to contain particularly sensitive confidential information may be provided separately from other answers, and marked as CONFIDENTIAL or CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

    2.    Depositions and Other Testimony

In the case of depositions or other pretrial testimony in this action, if particular testimony or on-the-record discussions will involve materials or information that is CONFIDENTIAL, designating counsel should indicate in a clear fashion the portion of the testimony that is intended to be designated as CONFIDENTIAL. Alternatively, the confidential material, and all testimony and other on-the-record statements discussing such material, may be separated into a separately bound transcript that prominently identifies the contents as "Proceedings Regarding Confidential Material."

### 3. Non-paper Media

Where Confidential Information is produced in a non-paper media other than electronic files (e.g., video tape, audio tape), the confidentiality legend should be placed on the media, if possible, and its container, if any, so as to clearly give notice of the designation.

### 4. Native Electronic Files

When producing native files that contain Confidential Information, pending agreement by the Parties at the time of production, the producing Party shall include the designation in the native file's filename (if produced). The filename of any record that is produced in native format should contain both the Bates number and the confidentiality designation, if any. For instance, an excel file produced as ABC001234 that is confidential should be named "ABC001234 CONFIDENTIAL.xls". To the extent that any receiving Party prints any native file containing Confidential Information, such printouts shall be marked by the receiving Party as described in subsection (B)(1) above. No receiving Party shall disseminate electronically native files that have been designated as Confidential Information.

### C. Procedures for Designating Documents Post-Production

If any Party inadvertently fails to designate any material as Confidential Information pre-production, it may correct its error at any time utilizing the following procedures. Upon learning that Confidential Information was produced without the appropriate designation, the producing Party will immediately provide notice of the omission to the receiving Party and, at the producing Party's option, either provide substituted copies of the Confidential Information appropriately marked or instruct the receiving Party to mark the undesignated material with the appropriate legend. Upon receiving notice of an omitted designation, it will be the duty of the receiving Party to make all reasonable efforts to return all identified unmarked materials in its possession or in the possession of persons within that Party's control (e.g., retained consultants) to the designating Party within ten (10) business days of any written notice requesting their return, or to make all reasonable efforts to label the Confidential Information appropriately as requested by the designating Party. In addition, in the event that the recipient Party gave copies of previously undesignated documents containing Confidential Information to persons outside of the recipient Party's control, the recipient Party shall, within ten (10) business days of receipt of notice of the omitted designation, inform the producing Party of the fact that previously undesignated documents were provided to third parties outside the recipient Party's control, and provide the identity of such third parties.

### III.   Challenging the Designation of Confidential Information

A.   Nothing in this Order constitutes a finding or admission that any of the documents or information designated under this Order is Confidential Information, and nothing in this Order shall prevent any Party from contending that any such information is not Confidential or that information not designated pursuant to this Order is, in fact, Confidential.

B.  To challenge a Confidential designation, the challenging Party shall notify the designating Party in writing that it objects to the designation, and its reasons for so objecting. Such an objection may be made at any time in the litigation. A Party shall not be obligated to challenge the propriety of a Confidential designation at the time of production or receipt of a notice under Section II.C. of this Order, and failure to do so shall not preclude a subsequent challenge to any such designation.

C.  Within five (5) business days of service of such an objection, the designating Party shall respond in writing either withdrawing the Confidential designation or stating its reasons for the designation.

D.  If the designating Party refuses to withdraw the Confidential designation, the receiving Party may apply to the Court for an order resolving whether the designated material is properly designated Confidential under the terms of this Order. In any such proceeding, the Party who designated the material as Confidential shall have the burden of proving such designation is appropriate under the terms of this Order.

## IV. Restrictions on the Use and Dissemination of Confidential Information

A.  Documents and information designated Confidential shall not be used for any purpose other than preparing for and conducting this action (including mediation). Confidential information shall not be disclosed in any manner except as provided in this Order, including, without limitation, disclosure to any member of the media or publication on any website.

B.  Disclosure of information designated as Confidential, including synopses, summaries or digests thereof, shall be limited to:

1. The Parties, the Parties' counsel of record, stenographic, paralegal or clerical employees assisting such counsel, or vendors (such as court reporters, copy centers or e-discovery consultants) assisting such counsel.

2. This Court, including, but not limited to, all appropriate Court personnel such as court reporters, clerks and the like;

3. Any person whom counsel reasonably believes authored or is in possession of the information designated as Confidential. If upon inquiry it is determined that such person did not author or review the designated Confidential Information, then the disclosure shall immediately cease and no further disclosure to such person shall be made;

4. Any Mediator retained by all affected Parties, including such Mediator's staff, provided the disclosure is made in the course of mediation;

5. Consultants or experts, whether or not employees or officers of the Parties, retained by any Party to consult or testify in the case; provided that, prior to disclosure, counsel shall deliver a copy of this order to the consultant to whom such disclosure is to be made and shall require said consultant to read a copy of this Order and to agree in writing to its terms by signing a Declaration of Compliance in the form of Exhibit A hereto. All executed Declarations of Compliance shall be maintained by counsel. In the event a Party believes, in good faith, that there has been a violation of this Protective Order, that Party shall notify the opposing Party in writing of such alleged violation and may demand a copy of the executed Declaration of Compliance of all persons connected to the suspected violation, which copy shall be produced within seven (7) days of the demand.

6. Any other person who obtains access to the Confidential Information with the prior written consent of the Party who designated the information Confidential or upon a further order of the Court.

## V. Procedures for Filing Documents Containing Confidential Information

### A. Redaction

If a Party wishes to file with the Court any document or transcript designated Confidential, and the Party determines that the Confidential Information is not important to the Party's intended use of the document, that Party shall (1) redact the Confidential Information and (2) provide a redacted copy of the document/transcript to the producing Party's/deponent's counsel. As soon as reasonably possible but not later than three business days after receipt of such redactions, the producing Party's/deponent's counsel shall advise the redacting Party whether they object to the public filing of the redacted document. If the producing Party's/deponent' s counsel do so object, then the document shall be filed under seal, pursuant to Section V.B, below.

### B. Filing Under Seal

Any motion, memorandum, document or other paper filed with the Court is presumptively a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Rule 6.1 and applicable law. All materials designated as Confidential in accordance with the terms of this Order that are filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information shall be filed under seal pursuant to Local Rule 6.1 and kept under seal until further order of the Court.

## VI. Subpoenas

A. Any Party served with a subpoena or other request for the production of documents or information requesting the production of any Confidential Information that the subpoenaed or

requested Party received from another Party shall give notice of such subpoena or production request to all Parties. Such notice shall: (1) be provided as promptly as possible, and no later than within three business days of the Party's receipt of the subpoena or production request, (2) include a copy of the subpoena or production request and all attachments thereto, and (3) identify the date on which the subpoenaed or requested Party intends to produce Confidential Information pursuant to the subpoena or production request.

B. If the Party whose Confidential Information is at issue challenges the subpoena or production request, the subpoenaed or requested Party shall not produce the Confidential Information unless and until (1) all challenges to the subpoena or production request are finally resolved or (2) otherwise ordered by any court.

**VII. Inadvertent Production**

A. The inadvertent production of attorney-client privileged material, attorney work product material, or material subject to any other privilege ("Privileged Material") or of Confidential Information without a designation does not constitute a waiver of any privilege or of the right to claim confidential status.

B. "Inadvertent production" means production that was unintentional, accidental or resulted from mistake or inadvertence. Counsel's declaration that a production was inadvertent shall be presumptive evidence that a production was, inadvertent.

C. Upon written notice of an unintentional production by the producing Party or oral notice if notice must be delivered at a deposition, the receiving Party must promptly return or destroy the specified document and any hard copies the receiving Party has and may not use or disclose the information until the privilege claim has been resolved. To the extent that the producing Party insists on the return or destruction of electronic copies, rather than disabling the

10

documents from further use or otherwise rendering them inaccessible to the receiving Party, the producing Party shall bear the costs of the return or destruction of such electronic copies.

D. To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving Party, then the receiving Party will sequester such documents until the claim has been resolved. If the receiving Party disclosed the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve it. The producing Party shall preserve the specified information until the claim is resolved.

E. The receiving Party shall have ten (10) days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the producing Party in writing of an objection to the claim of privilege and the grounds for that objection.

F. The producing Party will then have ten (10) days from the receipt of the objection notice to submit the specified information to the Court under seal for a determination of the claim and will provide the Court with the grounds for the asserted privilege or protection. Any Party may request expedited treatment of any request for the Court's determination of the claim.

G. Upon a determination by the Court that the specified information is protected by the applicable privilege, and if the specified information has been sequestered rather than returned or destroyed, the specified information shall be returned or destroyed.

H. Upon a determination by the Court that the specified information is not protected by the applicable privilege, the producing Party shall bear the costs of placing the information into any programs or databases from which it was removed or destroyed and render accessible any documents that were disabled or rendered inaccessible, unless otherwise ordered by the Court.

**VIII.    Return or Destruction of Confidential Material**

  A. When this litigation concludes by settlement or final resolution, each Party or other person subject to the terms of this Order shall assemble and destroy in a secure manner, or, if requested, return to the producing Party, all materials and documents designated Confidential under this Order and all copies thereof.  Provided, however, that principal counsel of record for the Parties may retain one copy of each designated document solely for reference in the event of, and only in the event of, a dispute in which the Confidential Information is directly relevant.  No Confidential Information shall be used in connection with any such dispute without notice to the affected Party and providing such Party with an opportunity to object.

  B. At such time as the obligation to return or destroy Confidential Information arises, any Party may demand from the other Parties a statement of compliance.  In the event of such a request, the receiving Party shall provide an affidavit from the producing Party's attorney within thirty (30) days attesting that all materials designated Confidential have been returned or destroyed, consistent with the terms of this Order.

  C. Unless otherwise ordered by this Court or another court or administrative body of competent jurisdiction, the terms of this order shall survive and remain in full and effect after termination of this litigation.

**IX.    No Waiver**

  A. This Order is intended to provide a mechanism by which any of the Parties may elect to provide information regarded as confidential.  Nothing herein shall be construed as requiring any of the Parties to produce information regarded as confidential that they believe, in good faith, is not otherwise discoverable and any of the Parties may elect (in lieu of or in addition to utilizing the terms of this Order) to object to the production of any Confidential Information or

to exercise any other appropriate remedies with respect to a request for production of such information on the grounds that such Confidential Information otherwise is not discoverable due to reasons that are separate and independent from the information's status as Confidential Information.

  B. The Parties shall not be deemed by the entry of this Order to have waived any objection to the production of any document on any grounds or to have waived any other right, defense or objection that may otherwise be interposed in this litigation.

  C. The taking of, or failure to take, any action to enforce the provisions of this Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this Order.

  D. Nothing in this Order, nor the production of any document in this litigation by any Party, shall be deemed a waiver of any privilege with respect thereto in this or any other action or proceeding.

  E. Notwithstanding this Order, the Parties shall have the right to apply to this Court, or to any appropriate court or administrative body, at any time for an order granting other or additional protective relief with respect to any Confidential documents or information, or any other documents or information subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

  F. Unless otherwise expressly clarified in this Order, the word "days" shall mean calendar days rather than business days.

**X.** **Amendments and Scope**

  A. The Parties may amend this Order by mutual agreement in a writing signed by an authorized representative or each Party and approved by the Court.

B. The provisions of this Order do not apply to documents introduced into evidence or testimony given during the actual trial of this matter, and such documents may be introduced into evidence at trial with the designation CONFIDENTIAL, provided that the Party offering the documents has first given notice in the Final Pretrial Order that it intends to offer the document into evidence at trial. To the extent that a Party believes a document should continue to be subject to protection at trial for reasons of confidentiality, that Party shall file a proper motion requesting appropriate protections. The Court shall address any such motion and rule on it separate and apart from the terms set forth in this Order.

C. Moreover, nothing herein restricts the ability of a Party to make reference to Confidential Information orally in proceedings in open court when counsel reasonably believes that such reference is necessary to protect the legal interests of such Party.

## XI. Penalties for Breach

The Court shall strictly enforce this Order, and any violation is punishable by the Court's contempt power, including the imposition of monetary sanctions.

## XII. Application of Order to Third Parties

In the event that a third party is served with a subpoena or other request for discovery by one or more of the Parties in this action and the third party requires that confidential treatment be afforded to documents or information that the third party will produce in response, then the third party may avail itself of the terms and conditions of this Order. To proceed in this fashion a third party shall submit written notice to the Parties that it wishes to be bound by the terms and conditions of the Order. Thereafter, documents and information produced by the third party shall be treated by the producing third party and the Parties as produced pursuant to the terms and conditions of the Order.

The Parties consent to the form and entry of this Protective Order and agree to be bound by its terms as of the date first submitted to the Court for execution.

**XIII. Protection of Copies.**

All copies, extracts or summaries prepared from confidential materials produced hereunder shall be subject to the same terms of this Order as the confidential material from which such copies, extracts or summaries were prepared, if properly designated.

**XIV. Notices.**

Notice required under this Order shall be in writing and provided to counsel for Defendant listed below. Notice to the Parties shall be adequate if given solely to the Parties' counsel of record.

**XV. Responsibilities of Counsel.**

Counsel of record are responsible for employing reasonable measures of control of, duplication of, access to, and distribution of copies of documents stamped "CONFIDENTIAL." Parties shall not duplicate any such designated document except to produce working copies and for filing in Court under seal.

**XVI. Effective Date.**

This Order shall be effective as of **April 20, 2022**, and shall survive the conclusion of this lawsuit.

**XVII. Disposition of Protected Materials.**

The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of the litigation.

**SO ORDERED.**

Signed: April 19, 2022

_____
David C. Keesler
United States Magistrate Judge

**WE CONSENT:**

/s/Daniel C. Lyon
Daniel C. Lyon
NC Bar No. 43828__
*Attorney for Plaintiff*  __
Elliot Morgan Parsonage, PLLC
300 East Kingston Avenue, Suite 200
Charlotte, NC 28203
Telephone:  704.707.3705
Facsimile:  336.724.3335
Email:  dlyon@emplawfirm.com

/s/Meredith F. Hamilton
Benjamin R. Holland
NC Bar No. 28580
Meredith F. Hamilton
NC Bar No. 50703
*Attorneys for Defendant*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone:  704.405.3135
Facsimile:  704.342.4379
Email:  benjamin.holland@ogletree.com
meredith.hamilton@ogletree.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-CV-549-RJC-DCK**

| | |
|---|---|
| **KEELA HOYLE,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**NOVANT HEALTH, INC.,** )<br>**NOVANT HEALTH CORPORATE, and** )<br>**NOVANT MEDICAL GROUP, INC.** )<br>)<br>**Defendants.** ) | **DECLARATION OF COMPLIANCE** |

I, _____, do declare and state as follows:

1. I live at _____. My current address and telephone number are _____.

2. A copy of the Protective Order entered in this case has been given to me, and I have read it.

3. I understand and agree to comply with and be bound by the provisions of the Protective Order. Upon receipt of any Confidential Information, I agree that I will be personally subject to the jurisdiction of the Court in the above captioned action and I will comply with all requirements and procedures of the Protective Order. I further understand that if I fail or refuse to comply with the provisions of the Protective Order, I may be subject to penalties or sanctions.

Executed this _____day of _____, 20\_\_\_.

_____
Signature

_____
Printed